Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ELIZABETH D. OWENS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ELIZABETH D. OWENS, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES, LIMITED PARTNERSHIP, <br><br> Defendant. | Case No.: 2:19-cv-4978 <br><br> **PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ELIZABETH D. OWENS ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LIMITED PARTNERSHIP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

1

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Los Angeles, Los Angeles County, State of California.

7. Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the

RFDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

3

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly originating from an American Express count, account number ending in 2003.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around February 2019, Defendant began attempting to withdraw funds from Plaintiff's personal bank account via electronic checks.

22. Defendant does not have, and has never had, Plaintiff's authorization to withdraw funds from her personal bank account.

23. On or about February 26, 2019, Defendant attempted to withdraw $3,062.29 from Plaintiff's personal bank account.

24. As Plaintiff did not have sufficient funds in her personal bank account, the $3,062.29 electronic check was returned due the insufficient funds.

25. On or about February 27, 2019, Plaintiff's bank assessed her with a $33.00 overdraft fee.

26. On or about February 28, 2019, Defendant again attempted to withdraw $3,062.29 from Plaintiff's personal bank account.

27. As Plaintiff did not have sufficient funds in her personal bank account, the $3,062.29 electronic check was again returned due the insufficient funds.

28. On or about March 1, 2019, Plaintiff's bank assessed her with another $33.00 overdraft fee.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on the following:

   a. Defendant further violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant attempted to withdraw payments from Plaintiff's personal bank account without authorization and caused Plaintiff to incur overdraft fees;

   b. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein;

   c. Defendant violated § 1692f(2) of the FDCPA by its acceptance from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit; and

   d. Defendant violated § 1692f(4) of the FDCPA by depositing or threatening

to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

WHEREFORE, Plaintiff, ELIZABETH D. OWENS, respectfully requests judgment be entered against Defendant, GC SERVICES, LIMITED PARTNERSHIP, for the following:

30. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

33. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

34. Plaintiff repeats and re-alleges paragraphs 1-28 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, ELIZABETH D. OWENS, respectfully requests judgment be entered against Defendant, GC SERVICES, LIMITED PARTNERSHIP, for the following:

36. Actual damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(a);

37. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

38. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

39. Any other relief that this Honorable Court deems appropriate.

    a. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    b. Any other relief that this Honorable Court deems appropriate.

DATED: June 5, 2019

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
ELIZABETH D. OWENS